UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERTO UMANA, ) | No. CV 06-2186 FFM |
| ) | |
| Plaintiff, ) | MEMORANDUM DECISION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his claims for a period of disability, disability insurance benefits and supplemental security income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on May 11, 2006, the parties filed a joint stipulation detailing each party's arguments and authorities on January 31, 2007. The Court has reviewed the administrative record, filed by defendant on November 6, 2006, and the joint stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

PROCEDURAL HISTORY

On March 26, 2003, plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income. After plaintiff's claim

was denied, plaintiff timely requested a hearing by an administrative law judge ("ALJ").  ALJ London L. Steverson held hearings on July 7, 2004 and January 5, 2005.  Plaintiff appeared with counsel and testified at the first hearing.  Plaintiff also appeared with counsel and testified at the second hearing.  A vocational expert also testified at the second hearing and was cross-examined by plaintiff's counsel.

On January 13, 2005, the ALJ issued a decision denying benefits.  Plaintiff sought review of this decision before the Appeals Council.  The Appeals Council denied the request for review on February 16, 2006.  Plaintiff commenced the instant action on April 14, 2006.

## CONTENTIONS

Plaintiff raises eight issues in this action:

1. Issue No. 1: Whether the ALJ failed to properly evaluate plaintiff's pain syndrome and exertional limitations.
2. Issue No. 2: Whether the ALJ failed to properly evaluate the use of medications and their possible side effects.
3. Issue No. 3: Whether the ALJ failed to properly evaluate plaintiff's residual functional capacity as to his exertional limitations.
4. Issue No. 4: Whether the ALJ failed to properly evaluate the combined effects of plaintiff's exertional and non-exertional medical problems and the impact it would have on plaintiff's ability to work and further limit his occupational base.  (20CFR 404.1545 and 416.945 and Social Security Ruling 96-8P and Social Security Ruling 83-14)
5. Issue No. 5: Whether the ALJ failed to properly evaluate the treating medical reports.
6. Issue No. 6: Whether the ALJ failed to properly use the Appendix II Grid Rules.

|   |   |   |
|---|---|---|
| 7. | Issue No. 7: | Whether the ALJ failed to properly evaluate Listing of Impairments 12.05. |
| 8. | Issue No. 8: | Whether the ALJ failed to properly question and evaluate the testimony of the vocation expert. |

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A.   <u>Issues One</u>

Plaintiff contends that the ALJ did not properly evaluate plaintiff's pain testimony and exertional limitations. The ALJ found, and the record reflects, that the medical evidence simply did not support plaintiff's claims. The ALJ reviewed the medical evidence which, as correctly noted by the ALJ, reflected "multiple subjective complaints but few corroborating objective findings." (AR 19). Plaintiff's complaints
/ / /
regarding chest pains, shortness of breath, and eye problems were not supported by any

objective medical findings.  (See AR 113 and 162-63).

        The only significant objective medical finding supporting any of plaintiff's claims related to plaintiff's cervical spine.  (AR 130, 169, and 211).  An MRI showed mild right-sided uncinate hypertrophy at C2-3 and C3-4 with mild narrowing of the right-sided exit zones at each level.  After examining the MRI and plaintiff, plaintiff's treating orthopedic physician opined that plaintiff was precluded from heavy lifting and repetitive over-shoulder reaching, pushing, pulling and lifting.  The ALJ accepted the opinion of the treating orthopedic physician, with the exception of the prohibition against repetitive over the shoulder reaching, pushing, pulling or lifting.  The ALJ noted that the clinical examinations did not reveal any evidence of a condition that would impair bilateral arm functioning.  The ALJ's rejection of these limitations is further supported by the physical therapist's report, which stated that the physical therapist could make "no objective findings consistent with [plaintiff's] subjective complaints."  The physical therapist's report also showed no other limitations relating to decreased range of motion or other abnormalities.  (AR 125).

        The ALJ provided specific, clear and convincing reasons in rejecting plaintiff's "excess" symptomatology to the extent that it would preclude plaintiff from performing light unskilled work activity.  The ALJ noted that the medical record is largely devoid of objective findings consistent with his complaints; that, despite plaintiff's mental complaints, there is no evidence that plaintiff sought any specialized psychiatric treatment; that plaintiff's orthopedic complaints had been treated conservatively; and that plaintiff had sought treatment several times at Kaiser Medical Center, each time being released with normal customary work duties, suggesting that Kaiser treating sources did not find his complaints significant or debilitating.  Thus, there was no error in the ALJ's resolution of this issue.

/ / /

/ / /

    B.    <u>Issue Number Two</u>

4

Plaintiff contends that the ALJ failed to evaluate the side effects of plaintiff's medications. This contention is not supported by the record. The only suggestion of any side effect was plaintiff's testimony that "if I don't eat properly, I get dizzy." (AR 323). Nothing in the record suggests that plaintiff ever voiced this concern to any physician. Moreover, the problem would be solved simply by eating properly.

### C. Issue Numbers Three through Five

The third through fifth issues relate to the ALJ's evaluation of plaintiff's exertional limitations and medical reports. However, the ALJ throughly reviewed the medical reports, which, as mentioned above, largely did not support plaintiff's claims. Moreover, the ALJ found plaintiff's exertional limitations restricted him to light unskilled work. The Court finds no error in these evaluations.

### D. Issue Number Six.

Plaintiff contends that the ALJ failed to properly use the Appendix II Grid Rules. Here, the ALJ found that Rule 202.18 of Appendix II, Subpart P, Regulations No. 4 directed a conclusion of "not disabled." (AR 24; see also AR 23). Plaintiff's contention is therefore without merit.

### E. Issue Number Seven

Plaintiff also complains that the ALJ did not properly evaluate Listing 12.05. However, plaintiff does not satisfy the requirements of Listing 12.05. Plaintiff's IQ testing revealed a full scale score of 72; whereas, Listing 12.05 requires a score of 60 to 70. Moreover, the ALJ concurred in and adopted the assessment of Dr. C. H. Dudley. (AR 22). Dr. Dudley's report specifically considered Listing 12.05 and concluded that plaintiff's impairment did not "precisely satisfy the diagnostic criteria" for such Listing. (AR 250).

### F. Issue Number Eight

Finally, plaintiff alleges that the ALJ failed to properly question the vocational expert. Specifically, plaintiff contends that the ALJ's hypothetical questions to the vocational expert did not sufficiently take into account plaintiff's sensitivity to

5

pulmonary irritants, dust, and heavy fumes.  However, the ALJ's hypothetical included a requirement of a "clean environment, clear of environment pollutants, dust, gases, [and] fumes."  (AR 334).  In response to the hypothetical, the vocational expert asked if that restriction precluded any pollutants, dust, gas or fumes.  (AR 335, "you mean absolutely none?").  The ALJ responded that he meant an environment "that is not excessively environmentally polluted, and one that would not normally require a person to wear protective breathing apparatus or oxygen breathing apparatus, etc."  The vocational expert opined that such pollutants would exist only on an "insignificant basis" with respect to a solderer.  (AR 335).

      Significantly, the ALJ found that the pulmonary restrictions imposed by Dr. Hirsch (no heavy smells of industrial chemical or toxic odors; no proximity to freeways, highways or workplace areas involving renovation or construction) were not supported by Dr. Hirsch's slight findings of rhinitis on examination and sinusitis.  The ALJ noted that the medical record contained no evidence of any underlining pulmonary problems.  Nonetheless, the ALJ gave plaintiff the benefit of the doubt in imposing the pulmonary restrictions he included in the hypothetical.

## CONCLUSION

      For the reasons set forth above, this Court finds that the Commissioner's decision is supported by substantial evidence and is free of material legal error.  Therefore, the decision of the Commissioner is AFFIRMED.

DATED:   07/02/07                            /S/ Frederick F. Mumm
                                                      FREDERICK F. MUMM
                                           United States Magistrate Judge